IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RLI INSURANCE COMPANY    PLAINTIFF

VS.    CIVIL ACTION NO. 2:05cv2055-KS-MTP

JONES-ZANDER, LTD.; ROBERT
J. ZANDER AND B.W. SULLIVAN
BUILDING CONTRACTOR, INC.    DEFENDANTS

B.W. SULLIVAN BUILDING
CONTRACTOR, INC.    COUNTER CLAIMANT

VS.

RLI INSURANCE    COUNTER DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on [49] Motion for Partial Summary Judgment filed by RLI Insurance Company ("RLI"), [52] Response thereto by B.W. Sullivan Building Contractor, Inc. ("Sullivan"), and the Court, after reviewing the motion, response, briefs of counsel, the authorities cited and the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the Motion is not well taken and should be **overruled.**  The court specifically finds as follow:

FACTUAL BACKGROUND

W.I. Keys Construction, Inc., ("Keys") executed a contract with the Laurel Housing Authority ("LHA") to perform extensive renovation work for LHA. RLI was the bonding company that ensured the faithful performance and completion of the contract by Keys. Keys defaulted and RLI assumed its responsibility for completion of the project and contracted with Sullivan for same. Sullivan claimed that it was entitled to be paid money in excess of the contract amount for extras and

1

additional work performed. RLI contends, with some exceptions, that the amount fixed in the contract is all that it owes Sullivan.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC*

*Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).

To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## QUESTION OF FACT AS TO THE AMOUNT OWED

RLI has acknowledged and paid three of the fourteen items claimed by Sullivan. There is an admission of a factual dispute over two more items and the eight remaining items are what this Motion for Partial Summary Judgment addresses.

To prevail Movants must demonstrate that there be no genuine issue of material fact regarding said issues. Sullivan suggests that the deposition of Humphrey, agent for Sullivan, rebuts his own affidavit. In the deposition Humphrey also denies knowledge of an alteration of the contract. Sullivan contends that this creates a situation where no facts are in dispute. However, the deposition of Larry Wall, designee of RLI, shows that RLI did grant a blanket approval for latent defects at least. The scope and application of this approval is unclear. It is also unclear what constitutes a latent defect. There are also questions of fact as to the materials that were represented to be present and other questions of fact that render summary judgment untenable.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment filed by RLI be **denied.**

**SO ORDERED AND ADJUDGED** on this, the 15th day of September, 2006.

        s/ *Keith Starrett*
        UNITED STATES DISTRICT JUDGE